UNITED STATES DISTRICT COURT     FILED

DISTRICT OF CONNECTICUT     2003 NOV 13 P 4: 34

YANET MEDINA               :                 S. DISTRICT C·
                                     NEW HAVEN, CC·

      Petitioner,     :     CIV.NO. 3:03cv902(MRK)

      v.                  :

IMMIGRATION and        :
NATURALIZATION SERVICE,   :     NOVEMBER 13, 2003

      Respondent.     :

## RESPONSE TO ORDER TO SHOW CAUSE

Respondent, United States Immigration and

Naturalization Service ("INS")[1], respectfully submits this

Response to the Court's order to show cause. As explained

below, petitioner is not entitled to the extraordinary

remedy of a writ of mandamus because he has no clear right

to have his detainer lifted or to a bond.

Moreover, because placement in unidentified

"institutional programs" (Petition, para. 8) is

discretionary in nature, he has no cognizable liberty

interest in such programs.

---

[1]On March 1, 2003, the Immigration and Naturalization
Service ("INS") was abolished and its functions transferred to
three bureaus within the Department of Homeland Security. The
enforcement functions of INS were transferred to the Bureau of
Customs and Immigration Enforcement ("BICE") within the
Department of Homeland Security, an agency headed by Tom Ridge.

Finally, to the extent this Court interprets the petition to be a petition for a writ of habeas corpus, the Court lacks jurisdiction over the habeas claim because petitioner is not in INS custody.

### BACKGROUND

On August 28, 2002, petitioner, Yanet Medina, was convicted of violating Conn. Gen. Stat. section 21a-277(a) (sale of narcotics/hallucinogens) in the Danbury Superior Court and was sentenced to seven years confinement. Petitioner continues to serve his state sentence with an expected release date of April 15, 2009 (See Petition, page 1; Exhibit A, Immigration Detainer). The INS subsequently placed a detainer on petitioner based on this aggravated felony conviction and initiated an investigation to determine whether petitioner is subject to removal to the Dominican Republic. Id.

The INS, however, has not yet commenced formal removal proceedings against petitioner, beyond the detainer itself, based upon this conviction. At some point in the future, INS will conduct removal proceedings regarding petitioner and, in the event he is found removable, he will be taken into custody and promptly deported.

2

Although still in state custody, petitioner filed the instant petition for a writ of mandamus seeking removal of the detainer or a bond.  As explained below, the petition should be dismissed as a matter of law.


## LEGAL ARGUMENT

I.  Mandamus Relief Should Be Denied Because Petitioner Has No Clear Right To Have The Detainer Lifted Or A Bond

Petitioner claims that the detainer should be lifted because it interferes with his opportunity to take advantage of unidentified "institutional programs".  Because petitioner has no absolute right to have the detainer lifted, or to a bond, or to be placed in an institutional program, his request for a writ of mandamus should be denied.

A writ of mandamus is an extraordinary remedy and is available only when the petitioner can establish "(1) a clear right . . . to the relief sought; (2) a plainly defined and peremptory duty on the [respondent's] part to do the act in question; and (3) lack of another available remedy."  Deutsch v. United States, 943 F. Supp. 276, 279 (W.D.N.Y 1996) (quoting Billiteri v. United States Bd. of Parole, 541, F.2d 938, 946 (2d Cir. 1976)).  In this case,

3

petitioner has no clear right to be deported prior to his

release from state custody nor does the INS have a duty to

deport him prior to termination of his state sentence.

Section 238 of the Immigration and Nationality Act

("INA"), codified at 8 U.S.C. § 1228, governs the removal of

aliens convicted of aggravated felonies such as petitioner.

The statute provides for the initiation and completion, to

the extent possible, of removal proceedings for such

criminal aliens, "before the alien's release from

incarceration for the underlying aggravated felony." INA §

238(a)(3)(A), 8 U.S.C. § 1228 (a)(3)(A) (West 2001).[2]  The

lodging of a detainer against the petitioner prior to the

completion of his state sentence is consistent with the

purpose behind § 238.  Once the INS completes its

investigation regarding petitioner's potential removability,

it will either issue a notice to appear or remove the

detainer.  Until that time, petitioner has no basis to

challenge the detainer.[3]

_____

[2]Notably, the statute compels the Attorney General to
conduct such proceedings "in a manner which eliminates the
need for additional detention at any processing center of
the Service . . . ."  INA § 238(a)(1), 8 U.S.C. § 1228(a)(1)
(West 2001).

[3]In fact, the Court has no jurisdiction to review the
decision of the INS to lodge a detainer against petitioner

Accordingly, because petitioner cannot establish a clear right to have his detainer lifted or to a bond, there is no plainly defined duty by the INS to compel, and petitioner's mandamus petition should be denied.

Moreover, petitioner's claim that the detainer is interfering with his placement in unidentified institutional programs is without merit.  The detainer is for notification purposes only.  The detainer states that an investigation has been initiated to determine whether this person is subject to deportation from the United States and that it is **"for notification purposes only and does not limit your discretion in any decision affecting the offender's classification, work and quarters assignments, or other treatment which he would otherwise receive."**  See Exhibit A (emphasis added).  Nor is there any legitimate expectation of such placement.  The Second Circuit has found that a detainer issued by the INS regarding an alien incarcerated for an aggravated felony is simply notification to the prison, and does not affect the prisoner's status.  Waldron v. INS, 17 F. 3d 511, 516 (2d Cir. 1994); see Nunez v. INS, 3:03CV 1224 (RNC) (Exhibit B).[4]

---

because it is part of the commencement of proceedings against petitioner.  See 8 U.S.C. § 1252(g).

[4]To the extent petitioner is challenging his classification, his claim also fails.  Specifically, Connecticut inmates have no state or federally created liberty interest in their

In Connecticut, pursuant to Conn. Gen. Stat. § 18-100(e) and
§ 18-100c, the Commissioner of Correction "may" permit an inmate
to be placed in certain institutional programs if the inmate has
satisfied certain requirements.  The statute, however, vests
broad discretion in the judgment of the Commissioner of
Correction regarding such placement and nothing in the relevant
statutes provides that in the event certain requirements are
satisfied an inmate "shall" be so placed.  See Pugliese v.
Nelson, 617 F.2d 916 (2d Cir. 1980); Berard v. Vermont Parole
Board, 730 F.2d 71 (2d Cir. 1984).  Therefore, even assuming
petitioner satisfied certain requirements, it would not create an
entitlement to placement into such programs.  These programs are
mere possibilities for prisoners, including those without
detainers.  Finally, a finding by the Court that a property or
liberty interest existed under the circumstances alleged here
would inevitably involve the Court in the day to day operations
of the state prison system, which is better left to prison
administrators.

Accordingly, because there is no set of facts whereby
placement into any particular program "shall" be ordered, there
is no protected constitutional or statutory liberty interest in
such programs, see Vincenzo v. Warden, 26 Conn. App. 132 (1991)

_____

classification.  See, e.g., Torres v. Stewart, 263 F. Supp.2d
463, 470 (D. Conn. 2003).

6

(holding that, because statute uses discretionary language, there is no protected constitutional or statutory liberty interest in parole release); McLaughlin v. Bronson, 206 Conn. 267, 271 (1988) (holding that commutation statute created no right or entitlement to a pardon or sentence commutation because such a grant is discretionary), and the mandamus petition must fail.


II.    The Court Lacks Jurisdiction to Entertain a Habeas Corpus Claim Against the Respondent Because Petitioner Is Not in INS Custody

To the extent the Court construes the petition as seeking a writ of habeas corpus, the petition is also subject to dismissal. This Court lacks jurisdiction over such a petition because petitioner is currently in the custody of the State of Connecticut, not the INS.

The writ of habeas corpus functions to grant relief from unlawful custody or imprisonment.  See Campillo v. Sullivan, 853 F.2d 593, 595 (8th Cir. 1988).  Before a court may grant a writ of habeas corpus, it must be established that the petitioner is in the custody of the respondent.  See 28 U.S.C. § 2241(c); see, e.g., Dearmas v. INS, No. 92 Civ. 8615 (PKL), 1993 WL 213031, at *3 (S.D.N.Y. June 15, 1993) ("The Court agrees with the clear majority of courts which have found that the filing of a detainer does not constitute 'custody' by the INS for purposes of habeas jurisdiction.")  If the petitioner is not in the custody of the

7

respondent, in this case the INS, the court lacks jurisdiction to review the habeas petition relating to actions taken by the INS. See Digrado v. Ashcroft, 184 F. Supp. 2d 227, 232 (N.D.N.Y. 2002).

This Court lacks subject matter jurisdiction over the petition in this case because petitioner is in the custody of the State of Connecticut, not the custody of the INS. This is so because an INS detainer is merely a notice that INS custody will be sought at some future time. See Roldan v. Racette, 984 F.2d 85, 88 (2d Cir. 1993).

Accordingly, this Court does not have jurisdiction to review or grant his petition, and the petition should be dismissed.[5]

> Respectfully submitted,
>
> KEVIN J. O'CONNOR
> UNITED STATES ATTORNEY
>
> JOHN B. HUGHES
> ASSISTANT UNITED STATES ATTORNEY
> CHIEF, CIVIL DIVISION
>
> WILLIAM M. BROWN, JR.
> ASSISTANT UNITED STATES ATTORNEY
> P.O. BOX 1824
> NEW HAVEN, CT   06508
> (203) 821-3700
> FEDERAL BAR NO. ct20813

---

[5]The Second Circuit recently ruled that an alien challenging a final order of removal was "in custody" for § 2241 purposes. See Simmonds v. INS, 326 F.3d 351, 354 (2d Cir. 2003). Here, however, petitioner does not have a final order of removal and thus the reasoning of Simmonds is not applicable.

8

CERTIFICATION OF SERVICE

This is to certify that a copy of the within and foregoing was sent on this 13th day of November, 2003, via first-class mail to:


YANET MEDINA, INMATE # 256141
RADGOWSKI CORRECTIONAL INSTITUTE
982 NORWICH NEW LONDON TURNPIKE
UNCASVILLE, CT 06382

_____
WILLIAM M. BROWN, JR.
ASSISTANT UNITED STATES ATTORNEY

**U.S. Department of Justice**
Immigration and Naturalization Service

## Immigration Detainer - Notice of Action

| File No. |
|---|
| A44 180 455 |
| Date: September 13, 2002 |

| To: (Name and title of institution) | From: (INS office address) |
|---|---|
| CUSTODIAN OF RECORDS, HOLD/WARRANTS/DETAINERS<br>Walker OCPMU<br>or any subsequent law enforcement agency | U.S. Immigration and Naturalization Service<br>450 Main Street<br>Hartford, Connecticut |

Name of alien: MEDINA, Yanet    Inmate#00256141

Date of birth: 12/29/74    Nationality: Dominican Republic    Sex: Male

### You are advised that the action noted below has been taken by the Immigration and Naturalization Service concerning the above-named inmate of your institution:

● Investigation has been initiated to determine whether this person is subject to removal from the United States.

☐ A Notice to Appear or other charging document initiating removal proceedings, a copy of which is attached, was served on _____ (Date)

☐ A warrant of arrest in removal proceedings, a copy of which is attached, was served on _____ (Date)

☐ Deportation or removal from the United States has been ordered.

### It is requested that you:

Please accept this notice as a detainer. This is for notification purposes only and does not limit your discretion in any decision affecting the offender's classification, work and quarters assignments, or other treatment which he or she would otherwise receive.

☒ Federal regulations (8 CFR 287.7) require that you detain the alien for a period not to exceed 48 hours (excluding Saturdays, Sundays and Federal holidays) to provide adequate time for INS to assume custody of the alien. You may notify INS by calling 860    240-3012 during business hours or 860    240-3012 after hours in an emergency.

☒ Please complete and sign the bottom block of the duplicate of this form and return it to this office. ☐ A self-addressed stamped envelope is enclosed for your convenience. ☒ Please return a signed copy via facsimile to 860    240-3488 (Area code and facsimile number).
Return fax to the attention of    James O'Brien    at    860    240-3488
(Name of INS officer handling case)    (Area code and phone number)

☐ Notify this office of the time of release at least 30 days prior to release or as far in advance as possible.
☐ Notify this office in the event of the inmate's death or transfer to another institution.
☐ Please cancel the detainer previously placed by this Service on _____.

_____    Deportation Officer
(Signature of INS official)    (Title of INS official)

Receipt acknowledged:

Date of latest conviction: 8-18-02    Latest conviction charge: A1a-A22a
Estimated release date: 4-15-09

Signature and title of official: _____    Id Rec. Spec.

Attachment A    Form I-247 (Rev. 4-1-97)N

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

ERCIDO NUNEZ,                          :
        Petitioner,                    :
                                       :                2003 OCT -9  A 7: 49
v.                                     :
                                       :        CASE NO. 3:03CV1224(RNC) COURT
IMMIGRATION AND                        :                 HARTFORD CT
NATURALIZATION SERVICE,                :
        Respondent.                    :

## RULING AND ORDER

Petitioner, a native and citizen of the Dominican Republic, is serving forty-five months in state prison for first-degree assault. The Immigration and Naturalization Service (INS) has placed a detainer on petitioner based on his aggravated felony conviction, but has not yet begun removal proceedings against him. Petitioner, proceeding pro se, seeks a writ of mandamus compelling the INS either to lift the detainer, or to hold a removal hearing on any claims it may have against him [Doc. #1]. Because petitioner has no clear right to this relief, the petition is denied.

## I.  Discussion

A writ of mandamus is available only when the applicant has a clear right to the relief sought, the respondent has a plainly defined duty to act, and no other remedy is available. Billiteri v. United States Bd. of Parole, 541 F.2d 938, 946 (2d Cir. 1976). Congress has specifically provided that the INS's authority to expedite removal proceedings for incarcerated aliens, an authority that covers detainers and expedited removal hearings, is discretionary. 8 U.S.C. § 1228(a)(3)(B). A writ of mandamus is not available to compel such discretionary acts.


Attachment B

Petitioner also suggests that the effect of the detainer is to deny him the opportunity to participate in the Transitional Supervision ("TS") and Residential Program Placement ("RPP") programs. Petitioner has not shown, and the government denies, that a detainer automatically has that effect. The Second Circuit has found that a detainer issued by the INS regarding an alien incarcerated for an aggravated felony is simply a notification to the prison, and does not affect the prisoner's status. Waldron v. INS, 17 F.3d 511, 516 (2d Cir. 1994). In any case, petitioner cannot show that he has a clear right to participate in those programs, as required for a writ of mandamus, because placement in those programs in entirely discretionary. Conn. Gen. Stat. §§ 18-100(e), 100c.

II.  Conclusion

Accordingly, the petition is hereby denied and the case is dismissed.

So ordered.

Dated at Hartford, Connecticut this 8 day of October 2003.

_____
Robert N. Chatigny
United States District Judge

-2-