# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **Yanet Medina,** | : | |
| **Petitioner** | : | |
| **v.** | : | **No. 3:03cv902(MRK)** |
| | : | |
| **Immigration & Naturalization Service,** | : | |
| **Respondent** | : | |

### Ruling On Petition For Writ Of Mandamus

Petitioner Yanet Medina is currently serving a seven year sentence in the Radgowski Correctional Institute in Uncasville, Connecticut, for violations of Conn. Gen. Stat. §21a-277(a) (sale of narcotics or hallucinogens), with an expected release date of April 15, 2009. On September 13, 2002, the Immigration and Naturalization Service (INS)[1] placed a detainer on Petitioner based on this aggravated felony conviction and has initiated an investigation to determine whether Petitioner is subject to removal to the Dominican Republic. Petitioner has not received a final order of removal, and removal proceedings have not begun. Petitioner filed a Petition for a Writ of Mandamus [doc. #1] requesting that the Court both order the INS to set a bond on the detainer and order the INS to make a determination regarding deportation. Pet. for Writ of Mandamus, ¶9, 10. Petitioner claims that the detainer impedes him "from taking advantage of many institutional programs." ¶8.[2]

---

[1] The INS was abolished on March 1, 2003 and its enforcement functions were transferred to the Bureau of Customs and Immigration Enforcement (BCIE) within the Department of Homeland Security.

[2] The Court construes the petition liberally, as Petitioner is *pro se. See Williams v. Kullman*, 722 F.2d 1048, 1050 (2d Cir. 1983) ("[D]ue to the pro se petitioner's general lack of

1

The Second Circuit has established three prerequisites to the issuance of a writ of mandamus: "(1) a clear right in the plaintiff to the relief sought; (2) a plainly defined and peremptory duty on the defendant's part to do the act in question; and (3) lack of another available, adequate remedy." *Billiteri v. United States Bd. of Parole*, 541 F.2d 938, 946 (2d Cir. 1976). The INS claims that Petitioner fails both the first and second of these requirements.

The INS derives its authority to initiate removal proceedings against aliens convicted of aggravated felonies from 8 U.S.C. §1228(a)(3)(A), which provides that the Attorney General "shall provide for the initiation . . .  of removal proceedings . . . in the case of any alien convicted of an aggravated felony before the alien's release from incarceration for the underlying aggravated felony."   The placing of a detainer fits within the powers granted by this provision. These powers are discretionary, pursuant to 8 U.S.C. §1228(a)(3)(B), which provides that "[n]othing in this section shall be construed as requiring the Attorney General to effect the removal of any alien sentenced to actual incarceration before release from the penitentiary or correctional institution where such alien is confined."  As such, Respondent does not have a duty to perform any act under the provision, and therefore, there is no basis for issuance of a writ of mandamus. *See Bell v. INS*, 2003 U.S. Dist. LEXIS 21120 (D. Conn. Nov. 20, 2003); *Nunez v. INS*, No. 3:03cv1224 (RNC) (D. Conn. Oct. 9, 2003).

Petitioner's claims that the detainer impedes him "from taking advantage of many institutional programs" fail as well. The INS denies that a detainer has any such effect, and Petitioner has adduced no facts to suggest otherwise.  Indeed, the detainer itself states that it "is

---

expertise, courts should review habeas petitions with a lenient eye, allowing borderline cases to proceed.").

for notification purposes only and does not limit your discretion in any decision affecting the offender's classification, work and quarters assignments, or other treatment which he or she would otherwise receive." Resp't's Resp. to Order to Show Cause [doc. #9] Attach. A. The Second Circuit has held that "an INS detainer constitutes (1) a notice that future INS custody will be sought at the conclusion of a prisoner's pending confinement by another jurisdiction, and (2) a request for prior notice regarding the termination of that confinement, and thus does not result in present confinement by the INS. *Roldan v. Racette*, 984 F.2d 85, 88 (2d Cir. 1993). Because the detainer functions simply as a notification, it has no effect on the prisoner's status. Furthermore, Connecticut law provides that placement in institutional programs is entirely discretionary, Conn. Gen. Stat. §§18-100(e), 18-100c, further indicating that Plaintiff lacks a right to the relief sought. *See Nunez, supra.*

Accordingly, Petitioner's Petition for a Writ of Mandamus [doc. #1] is DENIED and the case is dismissed.

IT IS SO ORDERED.

/s/        Mark R. Kravitz
                                                        U.S.D.J.


**Dated at New Haven, Connecticut, December 17, 2003.**