UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| YANET MEDINA | : | |
| Petitioner, | : | CIV.NO. 3:03cv902(MRK) |
| v. | : | |
| IMMIGRATION and NATURALIZATION SERVICE, | : | June 28, 2004 |
| Respondent. | : | |

OBJECTION TO MOTION TO DISMISS DETAINER

Respondent, United States Immigration and Naturalization Service ("INS")[1], respectfully submits this objection to the *pro se* petitioner's Motion to Dismiss Detainer dated June 8, 2004.

Petitioner now seeks the same relief by way of a Motion to Dismiss Detainer that he previously sought by way of a petition for writ of mandamus, which this Court denied. See Ruling on Petition for Writ of Mandamus, December 17, 2003. There is no basis to disturb this Court's previous finding that an INS detainer "functions simply as a notification" and has "no effect on the prisoner's status." Id., p. 3; see also, e.g., Roldan v. Racette, 984 F. 2d 85, 88.

---

[1] On March 1, 2003, the Immigration and Naturalization Service ("INS") was abolished and its functions transferred to three bureaus within the Department of Homeland Security. The enforcement functions of INS were transferred to the Bureau of Customs and Immigration Enforcement ("BICE") within the Department of Homeland Security, an agency headed by Tom Ridge.

In addition, this Court was correct in its determination that the issuance of a detainer is within the broad discretionary powers of the Attorney General of the United States Attorney General in the context of removal proceedings, 8 U.S.C.§ 1228(a)(3)(B), and is, therefore, not subject to judicial review. 8 U.S.C. § 1252(g)

Finally, to the extent the Court liberally construes the Motion to Dismiss Detainer as a petition for writ of habeas corpus challenging petitioner's continued detention pending removal proceedings, the petition is also subject to dismissal. This Court lacks jurisdiction over such a petition because petitioner is currently in the custody of the State of Connecticut, not the INS.

The writ of habeas corpus functions to grant relief from unlawful custody or imprisonment. See Campillo v. Sullivan, 853 F.2d 593, 595 (8th Cir. 1988). Before a court may grant a writ of habeas corpus, it must be established that the petitioner is in the custody of the respondent. See 28 U.S.C. § 2241(c); see, e.g., Dearmas v. INS, No. 92 Civ. 8615 (PKL), 1993 WL 213031, at *3 (S.D.N.Y. June 15, 1993) ("The Court agrees with the clear majority of courts which have found that the filing of a detainer does not constitute 'custody' by the INS for purposes of habeas jurisdiction.") If the petitioner is not in the custody of the respondent, in this case the INS, the court lacks jurisdiction to

review the habeas petition relating to actions taken by the INS. See Digrado v. Ashcroft, 184 F. Supp. 2d 227, 232 (N.D.N.Y. 2002).

This Court lacks subject matter jurisdiction over the petition in this case because petitioner is in the custody of the State of Connecticut, not the custody of the INS. This is so because, as this Court previously ruled, an INS detainer is merely a notice that INS custody will be sought at some future time. See Racette, 984 F.2d at 88.

Accordingly, this Court does not have jurisdiction to review or grant his petition, and the petition should be dismissed.[2]

                            Respectfully submitted,

                            KEVIN J. O'CONNOR
                            UNITED STATES ATTORNEY

                            JOHN B. HUGHES
                            ASSISTANT UNITED STATES ATTORNEY
                            CHIEF, CIVIL DIVISION

                            /s/ WMB

                            WILLIAM M. BROWN, JR.
                            ASSISTANT UNITED STATES ATTORNEY
                            P.O. BOX 1824
                            NEW HAVEN, CT  06508
                            (203) 821-3700
                            FEDERAL BAR NO. ct20813
                            william.m.brown@usdoj.gov

---

[2] The Second Circuit recently ruled that an alien challenging a final order of removal was "in custody" for § 2241 purposes. See Simmonds v. INS, 326 F.3d 351, 354 (2d Cir. 2003). Here, however, petitioner does not have a final order of removal and thus the reasoning of Simmonds is not applicable.

CERTIFICATION OF SERVICE

This is to certify that a copy of the within and foregoing was sent on this 28th day of June, 2004, via first-class mail to:

YANET MEDINA, INMATE # 256141
RADGOWSKI CORRECTIONAL INSTITUTE
982 NORWICH NEW LONDON TURNPIKE
UNCASVILLE, CT 06382

_____
WILLIAM M. BROWN, JR.
ASSISTANT UNITED STATES ATTORNEY